**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEJSHONTAYE WOULD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>N.J. DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 26-533 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-2) in this prisoner civil rights matter. Having reviewed Plaintiff's application, this Court finds that leave to proceed without the prepayment of fees is authorized in this matter and Plaintiff's application shall therefore be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.　BACKGROUND**

Plaintiff is a convicted state prisoner currently confined in Northern State Prison. (ECF No. 1 at 5.) In his complaint, Plaintiff asserts that his Due Process rights were violated when he

was found guilty of a prison disciplinary violation without being permitted to appear for a disciplinary hearing, and was held in an unsanitary cell without recreation while awaiting the outcome of that hearing. (ECF No. 1 at 7.) Plaintiff provides no further detail in his complaint about the nature of the hearing, the discipline imposed, the allegedly unsanitary conditions of his cell, or the like. (*Id.*)

As Defendants, Plaintiff names the New Jersey Department of Corrections, Northern State Prison, and a number of high level prison and Department officials including Victoria Kuhn, the commissioner of the N.J. D.O.C.; Marc Sim, the administrator of Northern State Prison; as well as Anthony Gongi, Anita Berryman, Nicholas Callicchio, and Desiree Gray, all of whom are apparently assistant administrators of Northern State Prison. (*Id.* at 1-4.) Plaintiff pleads no facts, however, connecting any of these Defendants to the alleged harms he suffered, and instead simply asserts that each Defendant should be liable to him because a "state entity violated my rights" without further detail. (*Id.*)

## II.     LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise unlawful conditions of confinement and Due Process claims related to a prison disciplinary proceeding against Northern State Prison, the New

Jersey Department of Corrections, and a number of prison and Department supervisory officials pursuant to 42 U.S.C. § 1983. As both prisons and state Departments are arms of the state, however, they are not proper defendants in a civil rights proceeding and are in any event entitled to Eleventh Amendment Immunity. *See e.g., Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 70-71 (1989); *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Petitioner's claims against the New Jersey Department of Corrections and Northern State Prison must therefore be dismissed with prejudice at this time.

Plaintiff's claims against the remaining supervisory defendants also fail to state a claim for which relief may be granted. A defendant in a civil rights proceeding brought pursuant to § 1983 cannot be held liable for the actions of his subordinates or merely because he holds a supervisory position, instead he must have personal involvement in the alleged wrong. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisors are therefore generally only liable if they were directly involved in wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates, or they created a policy or custom which was the moving force behind the alleged wrong. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiff pleads no facts to suggest that any of the named individual defendants – all of whom are high level supervisors at Northern State Prison or in the New Jersey Department of Corrections – were personally involved in the alleged violations of his rights connected to his prison disciplinary proceedings or conditions of his confinement. Instead, Plaintiff rests solely on an improper vicarious theory of liability, seeking to hold the Defendants responsible because they are supervisors and the state entity they oversee "violated" his rights. Plaintiff has therefore failed

to state a claim for which relief may be granted as to any of the named individual Defendants, and his claims against them must be dismissed without prejudice at this time. As all of Plaintiff's claims shall be dismissed at this time, Plaintiff's complaint shall be dismissed in its entirety for failure to state a claim for which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-2) is **GRANTED**, Plaintiff's claims against Northern State Prison and the New Jersey Department of Corrections are **DISMISSED WITH PREJUDICE**; and Plaintiff's complaint (ECF No. 1) is otherwise **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Date: January 21, 2026

                                                 s/ Zahid N. Quraishi
                                                 **ZAHID N. QURAISHI**
                                                 **UNITED STATES DISTRICT JUDGE**